UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JLW-TW CORP d/b/a SUNTAN SUPPLY, )<br>)<br>   Plaintiff, )<br>)<br>      vs. )<br>)<br>MERCHANT CAPITAL, LLC, et al., )<br>)<br>   Defendants. ) | CAUSE NO. 1:15-cv-1656-WTL-DML |

## ENTRY ON MOTIONS TO DISMISS

This cause is before the Court on two motions to dismiss the Amended Complaint in this case, one filed by Defendant Merchant Capital, LLC (Dkt. No. 15), and the other filed by the remaining Defendants (Dkt. No. 44). Both motions are fully briefed, and the Court, being duly advised, **GRANTS** both motions for the reasons and to the extent set forth below.

## MOTION BY DEFENDANT MERCHANT CAPITAL, LLC

Defendant Merchant Capital, LLC, ("Merchant") moved to dismiss the Amended Complaint on several grounds, all but one of which was rendered moot by the transfer of this case from the United States District Court for the Northern District of Ohio to this district. Remaining to be resolved by this Court is Merchant's argument that the claims asserted against Merchant in the Amended Complaint are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(b) for failure to state a claim for which relief may be granted.

In reviewing a motion pursuant to Rule 12(b)(6), the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff," *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012), and determine whether the complaint provides the defendant with "fair notice of what the . . . claim is and the grounds upon

which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). In addition, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts v. City of Chicago*, ____ F.3d _____ (7th Cir. Mar. 31, 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Id.*

On its face, the Amended Complaint clearly states plausible claims against Merchant. The Amended Complaint lumps all of the Defendants together and alleges that "the Defendants" took certain actions. Ordinarily the fact that Merchant denies taking any of those actions would be irrelevant in the context of a Rule 12(b)(6) motion, as the sufficiency of a complaint is measured by the facts as alleged, not as they actually exist. However, in its brief in response to Merchant's motion to dismiss, the Plaintiff makes it clear that it does not actually mean what it says in its Amended Complaint with regard to Merchants. It does not, apparently, actually believe that Merchant itself took the actions alleged, but rather that the other Defendants did and that Merchant is liable for the actions of the other Defendants "as the managing agent entity/parent company of its subsidiaries under a theory of 'piercing the corporate veil.'" Dkt. No. 19 at 2.

The problem with this is two-fold. First, that is not consistent with the actual language of the Amended Complaint, which unequivocally alleges that the Defendants (all of them) took certain actions. Second, there are no facts pled in the Amended Complaint that demonstrate a plausible basis for piercing the corporate veil. Quite simply, the Plaintiff does not distinguish

2

between the Defendants in any way other than to state that Merchant is the "managing entity of" Defendant New Sunshine, LLC, which, in turn, is the "parent company" of the remaining Defendants. It hardly needs to be said that simply being the "managing entity" of another entity is not sufficient to establish a plausible basis for piercing the corporate veil. Without more—given the position taken by the Plaintiff in its response brief—the Amended Complaint fails to satisfy the pleading requirement with regard to Merchant, and Merchant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

## MOTION BY REMAINING DEFENDANTS

The remaining Defendants move to dismiss the Plaintiff's Sixth Cause of Action, which is a claim for defamation, on the ground that it fails to satisfy the pleading standard. The Defendants point to the Indiana pleading standard for a defamation claim, which is not the applicable standard in this court. *Cf. Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) (holding that the Illinois pleading rule for defamation claims "of course does not apply in a federal court"; rather, a federal plaintiff "is entitled to the usual rules for notice pleading established by Rule 8"). That said, the Court agrees that the facts relating to the Plaintiff's defamation claim are too sketchy to satisfy the federal pleading standard. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). Here the Plaintiff fails to distinguish between the Defendants and identify which ones made what sorts of defamatory statements to whom. While it is not necessary for the Plaintiff to identify each alleged defamatory statement verbatim, it is at least necessary for each Defendant to be put on notice whether it, specifically, is accused of making defamatory statements and to whom the

statements were allegedly made.  Accordingly, the motion to dismiss the Plaintiff's defamation claim is **GRANTED**.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by Defendant Merchant Capital, LLC (Dkt. No. 15), and the motion to dismiss filed by the remaining Defendants (Dkt. No. 44) are both **GRANTED**.   The claims against Defendant Merchant Capital, LLC, and the defamation claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE**.  If the Plaintiff believes it can, in good faith, remedy the deficiencies discussed herein by filing a second amended complaint, it may do so **within 14 days of the date of this Entry**.  The failure to timely file a second amended complaint will result in the dismissal of the claims in question being with prejudice.

SO ORDERED: 4/14/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification